UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-230-FDW

| CLINTON DEAN SHELTON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| R. LEE HOFFMAN, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

I.     **BACKGROUND**

*Pro se* Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Madison County Jail.[1] The Complaint is now before the Court on initial review.

Plaintiff names as the sole Defendant Madison County Magistrate R. Lee Hoffman. Liberally construing the allegations and accepting them as true, Plaintiff came to the Madison County Sheriff's Office on April 5, 2016, and alleged that John Frank Lunsford and Regina Ann Jackson pointed guns at him and threatened to kill him. Lunsford had previously pulled a gun on Plaintiff while Plaintiff's kids were present. These incidents had been going on since September 2015. The April 5 incident was witnessed by Lisa Bradley. Plaintiff also told Defendant Hoffman that Chuck Humphries was on the run from authorities and was hiding out in Madison County.

---

[1] The North Carolina Department of Public Safety's website indicates that Plaintiff is now incarcerated at the Piedmont Correctional Institution. Plaintiff is cautioned that it is his responsibility to keep the Court apprised of his current address at all times.

1

Defendant Hoffman said he would call Bradley and send officers to pick up Lunsford, Jackson, and Humphries. Plaintiff followed up with the sheriff's office later that day to see if Lunsford, Jackson, and Humphries had been picked up. Hoffman told Plaintiff that the warrants had been recalled because there was insufficient evidence to hold those individuals. Plaintiff went to Lunsford's house to tell him not to come back around him with guns. Lunsford came onto the porch and pointed a gun at Plaintiff. Lunsford "was sho[t] and he died and now [Plaintiff] is charged with murder for defending [himself] and [his] kids." (Doc. No. 1 at 4).

In the "Requested Relief" section of the Complaint, Plaintiff asks that the state court consider that he "did all [he] could do to stop this from happening" and to "drop [his] charges to a manslaughter charge or self def[ense]." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

2

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III.  DISCUSSION

**(1)  Judicial Immunity**

"[J]udges are absolutely immune from suit for a deprivation of civil rights" for actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). For immunity to apply, the act in question must be a "judicial act," that is, a "function [that is] normally performed by a judge, and [for which] the parties dealt with the judge in his or her judicial capacity." Id. A judge will not be deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57

(1978).

Plaintiff identifies the sole Defendant as a "magistrate." He does not allege that Defendant Hoffman acted outside his authority or in the clear absence of all jurisdiction. Therefore, judicial immunity applies and this case will be dismissed.

**(2)  Criminal Proceedings**

Federal courts must refrain from staying or enjoining pending state prosecutions except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine extends to state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 367-68 (1989); Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987). A federal court may disregard Younger's mandate to abstain from interfering with ongoing state proceedings only where extraordinary circumstances exist that present the possibility of irreparable harm. Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (internal quotations omitted).

Plaintiff asks the Court to interfere in ongoing criminal proceedings in the North Carolina courts and reduce his charges from murder to manslaughter or "self def[ense]."[2] Plaintiff has failed to identify any extraordinary circumstances that present the possibility of irreparable harm. Therefore, Younger abstention applies and the Complaint will be dismissed.

**IV.  CONCLUSION**

For the reasons stated herein, the Complaint is frivolous and seeks relief that cannot be

---

[2] It is unclear whether Plaintiff's criminal proceedings have come to a close. If they have resulted in Plaintiff's conviction, the federal courts are barred from considering § 1983 claims which, if relief was granted, would necessarily imply the invalidity of his conviction or sentence. See Heck v. Humphrey, 512 U.S. 477 (1994). The appropriate means of challenging a final state conviction and sentence in federal court is via a petition for habeas corpus pursuant to 28 U.S.C. § 2254, which is governed by a one-year statute of limitations and other procedural requirements.

granted, and is therefore dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The Clerk of Court is instructed to mail a copy of this Order to Plaintiff at his address of record as well as at the Piedmont Correctional Institution, Offender Number 0365748.

3. The Clerk of Court is directed to close this case.

Signed: October 18, 2018

Frank D. Whitney
Chief United States District Judge